Gary Sparling
OSB No.: 030739
Email address sparling@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA  98101-2570
(206) 624-1800
(206) 624-3583 (fax)
Attorneys for Plaintiff National Fire
    & Marine Ins. Co.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NATIONAL FIRE & MARINE INSURANCE CO.**, a Nebraska corporation;<br><br>Plaintiff,<br><br>vs.<br><br>**RESOURCE MANAGEMENT ASSOCIATES, INC.**, an Oregon corporation,<br><br>Defendant. | Civil No. 3:17-cv-1832<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>28 U.S.C. § 1332(a)(1) |

COMES NOW the plaintiff, National Fire & Marine Insurance Company ("Plaintiff"), and alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF– 1
No.  3:17-cv-1832

5701.00015 jk14bd18r7

## NATURE OF ACTION

1.

In this action, Plaintiff seeks a declaration that it has no duty to defend, indemnify or pay sums to or on behalf of any defendant with respect to an underlying lawsuit, *Mohammed v. United States, et al.*, United States District Court for the Western District of Washington, at Seattle, Case No. 16-cv-01552-RAJ (the "Underlying Suit").

## PARTIES

2.

Plaintiff National Fire & Marine Insurance Company is a Nebraska corporation having its principal place of business in Omaha, Douglas County, Nebraska.

3.

On information and belief, defendant Resource Management Associates, Inc. ("Defendant") is an Oregon corporation having its principal place of business in Tigard, Washington County, Oregon.

## JURISDICTION AND VENUE

4.

<u>Subject Matter Jurisdiction.</u>  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states and because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

5.

<u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over the Defendant who, on information and belief, is an Oregon corporation that has its principal place of business in Tigard, Oregon.

6.

<u>Venue</u>.  Venue is properly laid in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this controversy occurred in this District.  Divisional venue is also property laid in this Court because the Defendant's principal place of business is located in Washington County, Oregon.

**FACTUAL ALLEGATIONS**

7.

Plaintiff issued Business Auto Insurance to Defendant under Policy No. 72AP 200978 (the "Policy).

8.

The Policy was initially issued with a one-year coverage period beginning on June 19, 2015.

9.

Defendant was charged a premium of $25,213 for the Policy.

10.

On October 5, 2015, Defendant, through its agent, Hays Companies, instructed Plaintiff in writing to cancel the Policy.

11.

On October 5, 2015, Plaintiff received a "Cancellation Request / Policy Release" signed by Defendant's Vice President, Lane Kadel.

12.

The "Cancellation Request / Policy Release" signed by Mr. Kadel contains the following statement: "No claim of any type will be made against the Insurance Company, its agents or its representatives under this policy for losses which occur after the date of cancellation shown above."

13.

Plaintiff cancelled the Policy effective October 6, 2015, pursuant to Defendant's request.

14.

Due to cancellation of the Policy, Plaintiff issued Defendant a premium refund in the amount of $17,744.

15.

The Underlying Suit was filed on October 4, 2016.  A true and correct copy of the Complaint for Damages in the Underlying Suit ("Complaint") is attached as **Exhibit A** hereto.

16.

The Complaint in the Underlying Suit alleges, *inter alia*, that Defendant lends employees to agencies, like the Bonneville Power Administration ("BPA"), for engineering, technical, construction, training, project management and project inspection services.

17.

The Complaint in the Underlying Suit also alleges that Defendant provided its employee, Steven Cox, to perform work for BPA pursuant to a service agreement, and that BPA provided a Ford F-550 truck for work to be performed on BPA power stations under that agreement.

18.

The Complaint in the Underlying Suit also alleges that on February 29, 2016, Mr. Cox was driving the Ford F-550 truck and crashed into Ali Saeed and Daewood Amedi's trailer and truck, killing Mr. Saeed and injuring Mr. Amedi (the "Incident").

19.

Based on these and other allegations, the plaintiffs in the Underlying Suit have sued Defendant and BPA for damages flowing from the Incident.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

20.

Plaintiff realleges the preceding paragraphs as though fully set forth herein.

21.

An actual controversy within the jurisdiction of this Court exists between Plaintiff and Defendant regarding the existence and scope of coverage under the Policy with respect to the claims and damages alleged in the Underlying Suit.

22.

Plaintiff is entitled to a declaration that the Policy does not cover the claims and damages alleged in the Underlying Suit because the Policy was cancelled by Defendant prior to the Incident.

23.

Defendant's Policy "cover[s] 'accidents' and 'losses' occurring . . . [d]uring the policy period shown in the declarations."

24.

The policy period was changed by Endorsement No. 1, which cancelled the Policy effective October 6, 2015.

25.

Plaintiff is also entitled to a declaration that it has no duty to defend Defendant in the Underlying Suit because the Policy was cancelled by Defendant prior to the Incident.

26.

Alternatively, while Plaintiff does not concede that the Policy was in effect on the day of the Incident, to the extent Defendant's cancellation may be found to have been ineffective, then Plaintiff is entitled to a declaration that the Policy does not cover the claims and damages alleged in the Underlying Suit and that Plaintiff has no duty to defend Defendant in the Underlying Suit due to the application of one or more policy terms, conditions, limitations and/or exclusions.

## RESERVATION OF RIGHTS

27.

Plaintiff reserves the right to amend its complaint to assert additional claims, allegations and/or other matters as additional facts are obtained through discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For a declaration that Plaintiff has no duty to indemnify or pay any sums to or on behalf of Defendant with respect to the Underlying Suit;

2. For a declaration that Plaintiff has no duty to defend Defendant with respect to the Underlying Suit;

3. For Plaintiff's attorney fees and costs pursuant to statute, contract or equity; and

4. For such other relief as the Court deems just and/or proper.

Respectfully submitted this  15th  day of November, 2017.

SOHA & LANG, P.S.

By: /s/Gary Sparling
Gary Sparling, OSB #030739
Email address sparling@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff National Fire & Marine Insurance Company